EDWARD M. KENNEY, CONSERVATOR
(Estate of Alma Richter)                    122 Conn.242
vs.
WALDO S. BLAKESLEE, EXECUTOR
(Estate of August A. Richter)

Superior Court    New Haven County    File #48452

Present:  Hon. JOHN A. CORNELL, Judge.

Franklin Coeller,              Attorney for the Plaintiff.

Carl F. Bollman,               Attorney for the Defendant.

**MEMORANDUM FILED DECEMBER 16, 1935.**

CORNELL, J. It is required **(Practice Book, #85)** that when a plea in abatement or to the jurisdiction is filed, "issue of law or of fact shall be joined thereon . . . ."

Here a general denial has been filed to all of the allegations contained in the plea.

Examination of the latter pleading discloses that a major part of it is addressed to matter which appears on the face of the record and as to which, consequently, no issue of fact is presented, but, necessarily, on the contrary, issues of law.

While it is not intended here to say anything which might be taken as an expression of opinion it may be pointed out that paragraphs I, IV, V, VI, VII and VIII apparently fall in this category. As does paragraphs II (1), II 2, II (3), II 4a, II 4b, II 4c, II 4d and III, except insofar as the latter alleges that the facts stated therein do not appear from the records of the Probate Court. Whether this latter is a competent allegation is a question not within the scope of this memorandum.

At any rate, as a practical matter, what "appears in the records of the Probate Court" is a fact easily ascertainable by counsel for the appellant and if it is found that the records of that court are barren of the facts referred to, it may be that appellant will want to test the sufficiency of such allegation, too, by demurrer rather than to raise a question of fact which can result in but one determination.

The desirability that the question raised be disposed of in orderly fashion suggests the propriety of permitting the appellant to withdraw his answer and to file another and different pleading. This may be done.