ANTHONY MONGILLO *v.* RICHARD L. JACOBS

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 129763
AT NEW HAVEN

Memorandum filed June 17, 1974

*Penn Rhodeen,* of New Haven, for the plaintiff.

*Leander C. Gray,* of New Haven, for the defendant.

TESTO, J. The defendant has filed an amended plea in abatement and has set out the issue as follows: Whether Anthony Mongillo, natural father of the illegitimate minor child, Tamu Mongillo, and subscriber herein, has standing to claim aggrievement by order and decree of the Probate Court for the district of New Haven, dated November 8, 1971, appointing Richard L. Jacobs as guardian of the person of said minor child.

The defendant's position is well taken that under Connecticut statutory law and case law the mother of an illegitimate child is the sole legal guardian of the child. Also well taken is the defendant's position that the putative father has no standing or rights in the Probate Court to apply for removal of the legal father and for appointment of a designated guardian for the minor child. Therefore it is clear that, under Connecticut law as it has existed, the plaintiff had no standing as an aggrieved person to appeal the order of the Probate Court.

The case of *Kenney* v. *Blakeslee,* 3 Conn. Sup. 193, supports the use of a demurrer to a plea in abate-

ment where there is only an issue of law presented. That appears to be the case here.

The plaintiff has demurred to the amended plea in abatement, contending that to bar him from this appeal as a matter of law would be a deprivation of his fourteenth amendment rights. The plaintiff relies on *Stanley* v. *Illinois,* 405 U.S. 645. The facts in that case are similar to those now before the court. The plaintiff there had three illegitimate children by Joan Stanley. Joan died and he lost the children. Under Illinois law, illegitimate children become wards of the state upon the death of the mother. The father had no rights in the children. The court held that the father was entitled to a hearing on his fitness as a parent before his children were taken from him. Thus, if a putative father is entitled to a hearing before his children can be taken from him, it would follow that the plaintiff herein should have an opportunity to oppose the appointment of a guardian for his natural child and to attempt to gain custody.

Therefore, this court finds that because of the law expounded in the *Stanley* case, supra, the plaintiff was aggrieved by the order of the Probate Court in denying him the opportunity to oppose the appointment of a guardian for his natural child. The plaintiff has standing to appeal that order.

The demurrer to the plea in abatement is sustained.